### COTY, Inc., v. WILLINGMYRE et al.
### No. 9099.

District Court, E. D. Pennsylvania.
June 6, 1940.

Hirsh W. Stalberg, of Philadelphia, Pa., for plaintiff.

A. J. Goldin, of Philadelphia, Pa., for defendants.

KIRKPATRICK, District Judge.

The plaintiff filed its original bill in equity October 14, 1935, against two defendants, Willingmyre and one Theresa Turk. The bill charged Willingmyre with fraudulent use of Coty's name and infringement of its trademark in selling perfumery. Specifically, it appears from the bill that the charge against Willingmyre was based upon the sale by him, either

under the name of Harrise or as a selling agent for Harrise, of small bottles of perfumery upon display cards. Both the cards and the labels on the bottles featured the Coty name and trademark. It does appear on the cards and on the labels that the products are advertised only as "blended with" Coty's product. The bill avers, however, that the contents were spurious and that the suggestion that they have any characteristics of Coty's product is misleading and fraudulent. There is also a general allegation that the defendant sold other products in a manner to compete unfairly with Coty and infringe its trademark rights.

After a hearing at which the defendant Willingmyre did not appear, a preliminary injunction issued against him November 29, 1935. The injunction restrained him from selling any perfume bearing the plaintiff's trademark which "are not completely genuine products of plaintiff as produced by plaintiff in their identical form and in the manner packaged and/or distributed by plaintiff;" also from "in any manner refilling, rebottling and/or bottling any perfume, toilet water, or other product of the plaintiff."

Passing over various intermediate steps not necessary to detail here, on February 15, 1940, the plaintiff filed a supplemental bill, in pursuance of a stipulation of counsel for both parties (Coty and Willingmyre, a final injunction having issued against Turk), which provided that "plaintiff may file of record the supplemental bill of complaint hereto attached with the same force and effect as if plaintiff had moved for leave to file same and leave had been granted by the Court." An answer was filed on February 20, 1940, and testimony taken. The case is now before the Court for final disposition.

The amended bill charges the defendant with having sold, during the years 1938 and 1939, toilet water and perfume in Coty's original bottles, the contents having been extracted and wholly spurious product having been inserted into them.

■■ Conceding the proposition of law on which the defendant bases a motion to dismiss—that where the plaintiff has failed to show a case which would have entitled him to any relief whatever under his original bill he may not support a supplemental bill by proof of invasions of his rights of a different nature occurring after the filing of the original bill—the rule would not be applicable in this case. The relief asked for in the two bills is substantially the same, namely, injunctive process to restrain the defendant from competing unfairly with the plaintiff and infringing its trademarks by selling spurious product in such manner as to induce customers to believe that they are buying Coty's genuine product. The defendant's own testimony, both in the course of the depositions and at the hearing amply support the finding that, prior to the filing of the original bill, he was actively concerned with the sale of the Harrise "blended" Coty products. The advertising and labels in connection with these sales were clearly fraudulent. I would go farther and say that where a product is sold which contains such a small quantity of another competing manufacturer's product that it in no way resembles the original, the name of the original manufacturer may not be featured at all in advertising, even though the defendant says, with a modicum of truth, that his product is only blended with the original.

■ In passing it may be said that I do not regard the stipulation as barring the defendant from raising the question which he now raises, but I hold that, the charge of the original bill having been sustained, the cause of action and relief sought by the supplemental bill is so closely related that, if the rights which the plaintiff seeks to protect have been invaded by acts of the defendant subsequent to the original bill they may be protected by a decree. Consequently the motion to dismiss is denied.

■ I find as a fact that at various times during 1938 and 1939 the defendant sold to certain investigators employed by the plaintiff original Coty bottles bearing Coty's labels and trademarks, and containing some kind of perfumery which was neither the original perfume contained in the bottle, or any other Coty perfume, nor anything closely resembling the original contents. Specifically I find that such a sale was made in New York City on July 3, 1939.

The defendant was in the business of buying Coty products at wholesale prices, or at the best prices he could get, and rebottling them, selling them in small vials mounted on cards and bearing labels which indicated that they were Coty products, rebottled independently. This much he does not dispute. What he does dispute is

that after emptying the original bottles bearing the Coty trademarks and labels, he refilled them with some cheap spurious product and resold them through various undercover channels. However, I am satisfied that the evidence is more than sufficient to establish that he did so.

As to the legitimate part of his business—the rebottling—I will adopt the rule prescribed by the Circuit Court of Appeals for this Circuit in Bourjois v. Hermida Laboratories, 106 F.2d 174,' and require similar labels and advertising if this part of the business is to be continued.

I will not at the present time pass upon the motion to attach the defendant for contempt.

If the parties desire, requests for fuller findings and conclusions of law may be submitted.

Judgment for the plaintiff in accordance with the foregoing opinion.